UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTINA IANNELLI,<br><br>Defendant | Criminal No. 22cr10069<br><br>Violations:<br><br>Counts One-Seven: Bank Fraud<br>(18 U.S.C. § 1344)<br><br>Count Eight: Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1))<br><br>Bank Fraud Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(2)(A)) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1. Defendant CHRISTINA IANNELLI lived in Sudbury, Massachusetts.

2. Victim 1 was an interior design firm located in Lexington, Massachusetts. Victim 1 maintained a checking account at Bank of America (the "Operating Account"). Victim 1's owner ("Owner") was the only authorized signatory on the Operating Account.

3. Victim 1 hired IANNELLI as an independent contractor in or about June 2018 to provide bookkeeping and office management services. Until in or about August 2020, on Victim 1's behalf, IANNELLI issued payments to vendors, entered transactions into Victim 1's accounting system, and handled transactions in the Operating Account, among other matters.

4. IANNELLI maintained a personal account with Fidelity Investments.

5. Bank of America was a financial institution as defined in 18 U.S.C. § 20.

## Scheme to Defraud

6. Between in or about October 2018 and in or about August 2020, IANNELLI engaged in a scheme to steal money from Victim 1. Specifically, IANNELLI issued herself checks from the Operating Account in amounts to which IANNELLI was not entitled. IANNELLI then either cashed the fraudulent checks or deposited them in her Fidelity account. IANNELLI also took steps to conceal her scheme by making false entries in Victim 1's accounting system.

7. IANNELLI's scheme involved the use of a signature stamp in Owner's name. Victim 1 provided the signature stamp to IANNELLI with the expectation that IANNELLI would issue checks to Victim 1's vendors from the Operating Account. IANNELLI used the signature stamp to implement her scheme, which involved inflating her compensation checks based on fraudulent invoices and issuing herself additional unauthorized checks.

*Fraudulent Invoices*

8. Beginning no later than in or about October 2018, IANNELLI prepared fraudulent invoices for her work on behalf of Victim 1. The invoices often listed 48 hours worked at a rate of $45 per hour (Victim 1's agreed-upon rate), but listed the total amount due as $2,880, which was $720 more than the correct calculation of $2,160. Using the signature stamp, IANNELLI issued herself checks from the Operating Account for the inflated amount. IANNELLI then either cashed the inflated compensation checks or deposited them in her Fidelity account.

9. In early 2020, IANNELLI took steps to hide the fact that she was overpaying herself. Specifically, IANNELLI made a false adjustment in Victim 1's accounting system that decreased the amount that had been recorded as paid to IANNELLI's vendor account in 2019.

As a result, IANNELLI caused Victim 1 to issue her an IRS Form 1099, a tax reporting document, that listed an amount consistent with what Victim 1 had agreed to pay IANNELLI, rather than the higher amount that IANNELLI had paid herself.

10. In total, IANNELLI created and filed in Victim 1's records approximately 43 fraudulent invoices that she used to steal more than $30,000 from Victim 1.

*Unauthorized Checks*

11. Between in or about July 2019 and in or about November 2019, IANNELLI periodically used the signature stamp to issue herself extra checks to which she was not entitled. Then, starting in or about November 2019, IANNELLI began issuing herself two checks every week: one compensation check for $2,320 and a second unauthorized check in the same amount. IANNELLI either cashed the unauthorized checks or deposited them in her Fidelity account.

12. IANNELLI took steps to hide the unauthorized payments from Victim 1. While IANNELLI generally recorded her compensation checks in her vendor account in Victim 1's accounting system, IANNELLI did not do so for the additional unauthorized checks. Instead, IANNELLI made false entries in Victim 1's accounting system that misrepresented the amounts of the unauthorized checks as payments to furniture vendors.

13. In total, IANNELLI issued herself approximately 55 unauthorized checks and thereby stole over $150,000 from Victim 1.

## COUNTS ONE-SEVEN
## Bank Fraud
## (18 U.S.C. § 1344)

The Grand Jury charges:

14. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

15. On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

CHRISTINA IANNELLI,

did knowingly execute and attempt to execute a scheme and artifice to defraud a federally insured financial institution, that is, Bank of America, and to obtain moneys, funds, credits, assets, securities and other property owned by and under the custody and control of Bank of America, by means of materially false and fraudulent pretenses, representations, and promises, in that, defendant, without authorization, issued checks made payable to herself, drawn on Victim 1's Bank of America account, and negotiated such checks into cash or deposited the checks in defendant's Fidelity account, as follows:

| Count | Check No. | Check Date | Amount | Approximate Date Deposited or Cashed |
|---|---|---|---|---|
| 1 | 4802 | 10/15/2018 | $2,880 | 10/15/2018 |
| 2 | 5208 | 07/25/2019 | $3,840 | 7/26/2019 |
| 3 | 5355 | 11/25/2019 | $4,640 | 11/27/2019 |
| 4 | 5371 | 12/02/2019 | $2,320 | 12/02/2019 |
| 5 | 5625 | 05/14/2020 | $2,320 | 5/15/2020 |
| 6 | 5707 | 07/01/2020 | $3,000 | 07/01/2020 |
| 7 | 5708 | 07/03/2020 | $2,320 | 07/03/2020 |

All in violation of Title 18, United State Code, Section 1344.

## COUNT EIGHT
## Aggravated Identity Theft
## (18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

16. The Grand Jury re-alleges and incorporates by reference paragraphs 1-13 of this Indictment.

17. On or about May 14, 2020, in the District of Massachusetts, the defendant,

## CHRISTINA IANNELLI,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, to wit, Owner 1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit, bank fraud as charged in Count 5 of this Indictment.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## BANK FRAUD FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2)(A))

18. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts One through Seven, the defendant,

CHRISTINA IANNELLI,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses.

19. If any of the property described in Paragraph 18, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 18 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

A TRUE BILL

_____
FOREPERSON

_____
JAMES R. DRABICK
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: March  29  , 2022
Returned into the District Court by the Grand Jurors and filed.

/s/ Noreen A. Russo
_____
DEPUTY CLERK
                          at 2:08 PM