UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) |
| | )   No. 22-cr-10069-NMG |
| CHRISTINA IANNELLI, | ) |
| | ) |
| Defendant | ) |

## JOINT INTERIM STATUS REPORT

The United States and counsel for the Defendant, Christina Iannelli, hereby submit this joint interim status report pursuant to Local Rule 116.5(b) and the Court's order (Dkt. #27). As all matters are proceeding to the satisfaction of the parties, the United States and the Defendant hereby jointly propose that, subject to the Court's preference, the status conference scheduled for November 22, 2022 be cancelled and a new interim status conference date be established approximately 60 days in the future, accompanied by an order excluding the interim period under the Speedy Trial Act. The parties hereby advise the Court of the following:

**(1)     Status of Automatic Discovery and Any Pending Discovery Requests**

Following entry of a protective order, undersigned counsel for the United States produced automatic discovery to defense counsel for the Defendant on April 29, 2022.

On November 8, 2022, defense counsel emailed a discovery request to the government, about which the parties are currently conferring. The discovery request seeks all police reports for the defendant's and her partner's interactions with local law enforcement, including but not limited to Waltham, Concord, and Sudbury, from 2016 to the present. The government has already produced two such reports (one during automatic discovery and one in response to the

1

pending request) and is currently evaluating whether any other such reports are within its possession, custody, and control, as well as whether the government believes they are properly discoverable.

Since producing automatic discovery in April 2022, the government has also produced to defense counsel three recordings of statements made by the defendant during her pending bankruptcy proceeding.

**(2)   Timing of Any Additional Discovery to be Produced**

Subject to the considerations identified above, the United States will provide additional discovery in response to the pending request and any future request(s) according to the local rules and pursuant to the Federal Criminal Rules of Criminal Procedure, including any supplemental discovery if any additional materials are obtained.  In addition, as reported to the Court previously, the government has advised counsel for the Defendant that the government possesses images of two laptops used by the Defendant and will work with counsel for the Defendant to produce copies if requested.   With the exception of the aforementioned laptops and any materials produced pursuant to the pending discovery request, the United States does not, at this time, anticipate providing additional discovery, other than discovery that falls within the ambit of Local Rule 116.2(b)(2) (discovery that is provided not later than 21 days before the trial date).

**(3)   Timing of Any Additional Discovery Requests**

Counsel for the Defendant is continuing to review the automatic discovery produced to date and evaluating whether to propound any additional discovery requests.  If the defendant is not satisfied with the government's response to the pending discovery request, the defendant anticipates filing a motion seeking such discovery in advance of the next status conference.

**(4) Whether Any Protective Orders are Needed**

Pursuant to an assented-to motion filed by the government, the Court entered a protective order in this matter on April 29, 2022. (Dkt. #18.)

**(5) Status of Any Pretrial Motions**

The parties agree that it remains too early to set a motion schedule under Fed. R. Crim. P. 12(b). The parties ask that a motion deadline, if necessary, be set at the next status conference after the defense has had a chance to complete its review of the discovery materials provided during automatic discovery and in response to the pending discovery request.

**(6) Timing of Expert Witness Disclosures**

At this time, and subject to revision following further review of discovery, the parties continue to propose that expert disclosures be due 28 days before trial.

**(7) Defenses of Insanity, Public Authority, or Alibi**

At this time, the Defendant does not anticipate offering any of the above-referenced defenses.

**(8) Periods of Excludable Delay under the Speedy Trial Act**

The Defendant's initial appearances and arraignment in this matter took place on March 30, 2022 before U.S. Chief Magistrate Judge Kelley. (Dkt. #8.) The Court thereafter excluded under the Speedy Trial Act the time from March 30, 2022 through November 22, 2022, the date set for the next interim status conference. (Dkts. #10, 21, 25, 28.) The parties agree that the time period between November 22, 2022 and the next status conference should be excluded because this time will be used for purposes to include the review of discovery by the defense, discussion of the pending and any forthcoming additional discovery issues by the parties, and discussion of whether this matter will proceed to trial or be resolved via a plea. Therefore, the parties request that this Court find that the

ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the Defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

### (9) Status of Any Plea Discussions and the Likelihood and Estimated Length of Trial

The parties agree that it remains too early to determine whether this matter will resolve via entry of a changed plea or via trial.   The estimated length of trial is one week.

### (10) Timing of Next Status Conference

Subject to the Court's preference, the parties propose that a next interim status conference date be established approximately 60 days in the future. The parties further request entry of an accompanying order excluding the interim period under the Speedy Trial Act.

Respectfully submitted,

| | |
|---|---|
| /s/ James R. Drabick | /s/ Jessica Thrall with consent |
| JAMES R. DRABICK | JESSICA THRALL |
| Assistant United States Attorney | Assistant Federal Defender |
| John Joseph Moakley Courthouse | Federal Defender Office |
| One Courthouse Way, Suite 9200 | 51 Sleeper Street, 5th Floor |
| Boston, MA 02210 | Boston, MA 02210 |
| Tel:  (617) 748-3498 | 617-223-8061 |
| james.drabick@usdoj.gov | Jessica_Thrall@fd.org |
| | |
| | *Counsel for Defendant Christina Iannelli* |

Dated:   November 15, 2022

**CERTIFICATE OF SERVICE**

    I hereby certify that on November 15, 2022, the foregoing document was filed electronically with the Clerk of the Court using the ECF system, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

                                  */s/ James R. Drabick*
                                  JAMES R. DRABICK
                                  Assistant United States Attorney
                                  John Joseph Moakley Courthouse
                                  One Courthouse Way, Suite 9200
                                  Boston, Massachusetts 02210
                                  Tel:  (617) 748-3100
                                  james.drabick@usdoj.gov