**United States District Court**

**District of Massachusetts**

| | |
|---|---|
| **United States of America,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **Christina Iannelli,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

**Criminal Action No. 22-10069-NMG**

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant Christina Iannelli ("Iannelli" or "defendant") has been indicted on seven counts of bank fraud in violation of 18 U.S.C. § 1344 and a single count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  The indictment also seeks forfeiture of ill-gotten gains pursuant to 18 U.S.C. § 982(a)(2)(A).

Currently before the Court is defendant's motion to dismiss the single count of aggravated identity theft.  For the reasons that follow, the motion will be DENIED.

I.    **Background**

The indictment alleges that in June, 2018, Iannelli was hired by an interior design firm located in Lexington, Massachusetts, to provide bookkeeping and office management services.  In that capacity, Iannelli issued payments to vendors, entered transactions into her employer's accounting system and handled transactions in her employer's Bank of America checking account.

Beginning in or around October, 2018, Iannelli purportedly engaged in a scheme to steal from her employer through fraudulent invoices and unauthorized checks.  The government alleges that the scheme involved two components.

In the first component, Iannelli allegedly prepared dozens of fraudulent invoices with respect to her own work.  In those invoices, Iannelli listed incorrect total amounts that her employer owed her by miscalculating the product of the hours she worked times her hourly rate of compensation.  For example, the government alleges that for working 48 hours at a rate of $45 per hour, defendant would submit an invoice that she was owed $2,880 instead of the correct amount of $2,160.  Defendant would then purportedly use the signature stamp of her employer's parent corporation to issue herself checks in the inflated

amounts.[1]  To conceal the overcharge, defendant allegedly made false adjustments in her employer's accounting system.  In total, she allegedly issued about 43 fraudulent invoices, totaling $30,000 in unearned compensation.

In the second component of the purported scheme, Iannelli allegedly issued herself $150,000 worth of checks to which she was not entitled.  Beginning in November, 2019, she allegedly began issuing herself two checks every week, one for $2,320 for due compensation and the other for the same amount to which she was not entitled.  As with the first component, Iannelli purportedly used the signature stamp of her employer's parent corporation to issue the unauthorized checks.  She obfuscated the extra checks by entering their amounts in her employer's accounting system as payments to furniture vendors.

In the pending motion, Iannelli seeks to dismiss Count VIII.  That count relates to her conduct in the second component of the scheme and asserts aggravated identity theft by use of the parent corporation's signature stamp in the issuance of the extra $2,320 check as charged in Count V.

---

[1] The pleadings do not identify the names of either the company for whom defendant worked or the owner of that company.  For the purpose of this opinion, the Court presumes that defendant's employer is the subsidiary of a parent corporation.

-3-

## II.  **Motion to Dismiss**

In reviewing a motion to dismiss an indictment, a court presumes the truth of all factual allegations in that indictment. See United States v. Bohai Trading Co., Inc., 45 F.3d 577, 578 n.1 (1st Cir. 1995) (citing Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952)).

### A. Statutory Challenge

Defendant moves to dismiss the single charge of aggravated identity theft based on the construction of 18 U.S.C. § 1028A(a)(1) in the recent U.S. Supreme Court opinion United States v. Dubin.  There, the Court considered what it means to "use" an identification of another without lawful authority "during and in relation to" a predicate offense under 18 U.S.C. § 1028A(a)(1).  United States v. Dubin, 599 U.S. 110 (2023). After textual and contextual analysis of the statute, the Court held that to prove a defendant used a means of identification "during and in relation to" a predicate offense, the government must show that using the means of identification

> is at the crux of what makes the conduct criminal. To
> be clear, being at the crux of the criminality
> requires more than a causal relationship...the means
> of identification specifically must be used in a
> manner that is fraudulent or deceptive.  Such fraud or
> deceit going to identity can often be succinctly
> summarized as going to who is involved.

Id. at 131-32 (internal quotations and citations omitted).

Here, the charge for aggravated identity theft arises from defendant's alleged use of a signature stamp on an unauthorized check that she issued to herself.  Defendant contends that the criminal conduct alleged is "garden-variety overbilling" where use of the signature stamp was ancillary to the billing function defendant typically fulfilled as a bookkeeper.  Because defendant was generally authorized to use the stamp, she asserts that her use of the stamp did not misrepresent "who is involved" in the alleged scheme.

The government retorts that defendant's use of the signature stamp was at the crux of the alleged bank fraud because it enabled her to misrepresent that the parent corporation had authorized payment of the amount on the check. By purporting to act on authority of the parent, the check was valid against the parent.

The government's interpretation of defendant's conduct is more persuasive.  This is not a case of "garden-variety overbilling."  Count V, the predicate offense, alleges that she committed bank fraud by writing herself a check to which she was clearly unentitled.  Count V does not relate to the alleged instances in the first component of the scheme where defendant inflated her compensation by falsifying the math.

While defendant was entitled to use the signature stamp to issue authorized checks to vendors, she did not have authority

-5-

to use the signature stamp to issue herself a check unrelated to her due compensation.  By allegedly using the stamp, defendant used her employer's identity without its consent to procure funds from the employer's bank.  Thus, defendant allegedly misrepresented "who" authorized the withdrawal of funds.  Such misrepresentation is at the crux of the alleged bank fraud because by whom the signature on a check is authorized determines who is liable for the face amount of the check.  See M.G.L. c. 106, § 3-401.

The comparison Iannelli draws to the facts of Dubin is inapt.  In Dubin, defendant allegedly submitted a claim for Medicaid reimbursement that overstated the credentials of a psychological services provider.  Dubin, 599 U.S. at 114.  Thus, the claim amount was inflated relative to the services rendered. In addition to the predicate healthcare fraud offense, defendant was charged with aggravated identity theft because the patient's name was used in connection with the admittedly inflated claim amount.  In those circumstances, the Court held that the patient's name was ancillary.  Id. at 117.  The crux of the fraud was overstating the provider's qualifications, not the identity of the patient.

Similar to the defendant in Dubin, the defendant here was generally authorized to use the identifier in question but the similarities end there.  As discussed above, defendant used the

signature stamp to deceive the bank that the parent corporation authorized the extra check.  The signature stamp and the theft of the parent's identity were quintessential to the commission of the bank fraud.  Conversely, the patient's name used in Dubin had little practical relevance to the fraud that resulted from inflating the qualifications of the provider.

### B. Constitutional Challenge

Defendant also challenges the aggravated identity theft statute, 18 U.S.C. § 1028A(a)(1), as unconstitutionally vague relying in part on the concurrence of Justice Gorsuch in Dubin. Counsel for defendant asserts that the provision fails to set forth sufficiently the proscribed conduct and that the statute "seeks to criminalize almost every adult American who overbills or overstates their involvement."

Whether 18 U.S.C. § 1028A(a)(1) is unconstitutionally vague is an issue of first impression in this circuit.  In a void-for-vagueness challenge, a court must

> consider whether a statute is vague as applied to the particular facts at issue, for [a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.

Holder v. Humanitarian Law Project, 561 U.S. 1, 19-20 (2010) (quoting Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495 (1982) (internal quotations omitted).

-7-

The allegations here leave little doubt that defendant's alleged use of the signature stamp to write herself an unauthorized check is clearly proscribed by the aggravated identity theft statute.  Especially as a professional bookkeeper, defendant was on clear notice that by using the signature stamp of the parent corporation, she was falsely representing the identity of the parent to procure funds to which she was not entitled.  This Court need go no further but will note that, in any event, the Dubin Court cast significant doubt on future void-for-vagueness challenges to 18 U.S.C. § 1028A(a)(1).  See Dubin, 599 U.S. at 132 n.10.  Accordingly, the void-for-vagueness challenge in unavailing.

**ORDER**

For the foregoing reasons, the motion of defendant, Christina Iannelli, to dismiss Count VIII of the indictment (Docket No. 64) is **DENIED.**

/s/ Nathaniel M. Gorton

Nathaniel M. Gorton
United States District Judge

Dated:  October 31, 2023